IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DOMINIQUE L. THORNTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. A. NO. 25-00241-KD-MU |
| ) | |
| METRO COUNTY JAIL, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Dominique L. Thornton, proceeding without representation of counsel and without prepayment of fees, filed a complaint seeking relief under 42 U.S.C. § 1983 for being denied "work-release for a hold that isn't legit" while confined as a pretrial detainee at Mobile County Metro Jail. (Doc. 1). The action was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). Upon review of this action's proceedings, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** for Plaintiff's failure to prosecute and to comply with the Court's order.

On July 29, 2025, the Court reviewed Plaintiff's complaint and noted two deficiencies. (*See* Doc. 4). First, the Court informed Plaintiff that his complaint was not on the form required by this Court, and Plaintiff was ordered to re-file his complaint on the specified (and provided) form. Second, the Court ordered Plaintiff to file the required filing fee for pursuing a § 1983 action or to file a motion to proceed without prepayment of the filing fee (and the Court provided Plaintiff with this form). Plaintiff was given the

1

deadline of August 29, 2025 to comply with the Court's order to file his complaint on the Court's form and to pay the required filing fee or a motion to proceed without prepayment of fees. The Court also cautioned Plaintiff that failure to comply with the Court's order would result in the dismissal of this action without prejudice for failure to prosecute and to follow the Court's order. (*Id.* at 2). The order was mailed to Plaintiff and, to date, has not been returned as undeliverable. Based on an independent internet search of the Alabama Department of Corrections (ADOC) website, it appears that Plaintiff continues to be confined at Stanton Correctional Center, where the Court's order was mailed.

As of September 15, 2025, Plaintiff has not complied with the undersigned's order. He has not re-filed his complaint on the Court's form; he has not paid the filing fee to initiate this lawsuit; and he has not filed a motion to proceed without prepayment of fees. Indeed, Plaintiff has not communicated with the Court since he filed his initial complaint in June of 2025.

A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The court's authority to dismiss an action *sua sponte* for lack of prosecution is considered a fundamental power of the court. *Link v. Wabash R.R.*, 370 U.S. 626, 629-630 (1962). Courts are vested with the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31. Moreover, "Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal

2

rules." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quotation marks and citation omitted)); accord. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (recognizing the two sources of a court's authority to *sua sponte* dismiss an action are its inherent powers and Rule 41(b) of the Federal Rules of Civil Procedure). To date, the Court has not received any filing or correspondence from Plaintiff, and the deadline for compliance has now passed.

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link,* 370 U.S. at 630 (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *see also Freeze v. Sec'y, Dep't of Children & Families*, 825 F. App'x 606, 610 (11th Cir. 2020) (affirming the dismissal without prejudice of the complaint for failure to follow court orders to amend his complaint).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28

3

U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **15th** day of **September, 2025**.

/s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**